IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY WHATLEY, | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 3:16-CV-1327-N |
| | ) |
| LORIE DAVIS, Director TDCJ-CID | ) |
|     Respondent. | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Background:** Petitioner is a state prisoner currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Defendant Lorie Davis is Director of TDCJ-CID.

Petitioner filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his state court conviction from the 213th Judicial District Court, Tarrant County, Texas.

**Discussion:** Jurisdiction in a habeas corpus action is determined by 28 U.S.C. § 2241(d). That statue provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court or of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of

> justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d); *see also In re Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). Consequently, state prisoners may file a federal habeas corpus petition either in the district where they are confined or where they are convicted.

In this case, Petitioner was convicted in Tarrant County, Texas, which is in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124. In a habeas corpus proceeding, if there is any possibility that an evidentiary hearing may be necessary, the action should be transferred to the district or division in which Petitioner was convicted and sentenced. *See Dearruda v. Stephens*, No. 3:14-CV-2804-M; (N.D. Tex.); *Evans v. Maye*, 3:13-CV-1698-G (N.D. Tex.); *Dison v. Thaler*, No. 3:12-CV-3762-N (N.D. Tex.). Petitioner was convicted and sentenced in the Fort Worth Division. Therefore, the Court hereby recommends that Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 be transferred to the Fort Worth Division of the United States District Court for the Northern District of Texas.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court transfer this habeas corpus petition to the Fort Worth Division of the United States District Court for the Northern District of Texas.

Signed this 2nd day of August, 2016.

                                          PAUL D. STICKNEY
                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).